**[Cite as *State v. Burns*, 2026-Ohio-544.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

CARDARIUS BURNS,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-06

OPINION AND
JUDGMENT ENTRY

---

**Appeal from Allen County Common Pleas Court
Trial Court No. CR 2024 0218**

**Judgment Affirmed**

**Date of Decision: February 17, 2026**

---

**APPEARANCES:**

    *William T. Cramer* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Cardarius Burns ("Burns"), appeals the February 13, 2025 judgment of the Allen County Court of Common Pleas sentencing him to serve an adult prison term of ten to thirteen and one-half years upon his guilty plea to a charge of aggravated robbery with a 3-year firearm specification. Burns contends his constitutional right of confrontation was violated at his bindover hearing held in the juvenile division of the common pleas court, thus invalidating his transfer to the general division. As explained below, we find no error in the trial court proceedings.

{¶2} The charges in this case arose from a February 13, 2024 armed robbery at a house in Lima, Ohio. On that occasion, two 14-year old sisters, L.S. and A.S., worked with Ronnie Brown ("Brown") and Burns, both of whom were seventeen years old, to rob Malik Dennis ("Dennis") of a handgun. The two girls lured Dennis to the residence and when he arrived, Brown and Burns hid in a bathroom while one of the girls took Dennis to a bedroom, intending to entice him to put his gun down. A.S. used her cell phone to communicate with Burns and Brown so they would know when to commence the robbery. After learning that Dennis put his gun on the bed, Brown and Burns came out of hiding with their own guns drawn and faces covered and assaulted Dennis. Then, they took Dennis's gun and phone, and fled the residence. Dennis also left the residence, went back to his house where he

retrieved another gun, returned to the girls' house, and fired his gun through a window, striking and killing L.S.

{¶3} Dennis was arrested for murder and when he was interviewed by detectives, he disclosed the robbery. At this point in the investigation, officers began to search for Brown. Officers went to arrest Brown at his home. After officers made contact with Brown at the front door, Burns fled out a window in the house dropping a loaded handgun. Burns was quickly apprehended nearby.

{¶4} A complaint was filed on February 21, 2024 in the juvenile division of the common pleas court alleging that Burns was a delinquent child pursuant to R.C. 2152.02(E)(1) based on the commission of five offenses that would be felonies if committed by an adult: (1) complicity to commit aggravated robbery in violation of R.C. 2923.03(A)(3) and R.C. 2911.01(A)(1), a first-degree felony, with a three-year firearm specification under R.C. 2941.145(A); (2) having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; (3) complicity to commit grand theft of a firearm in violation of R.C. 2923.03(A)(3) and R.C. 2913.02(A), charged as a fourth-degree felony; (4) having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; and (5) obstructing official business in violation of R.C. 2921.3l(A), a fifth-degree felony. In addition, on March 8, 2024, the State filed a notice of mandatory bindover under R.C. 2152.12(A)(l)(b), alleging that Burns was at least 16-years-old at the time of the offense, there was probable cause to believe that Burns committed these acts, at

least one of the offenses was a category two offense, and Burns displayed, brandished, indicated possession of, or used a firearm during the offense.

{¶5} The juvenile court held a preliminary hearing on August 12, 2024 to determine whether probable cause existed to support the State's mandatory bindover motion. At the hearing, the State presented testimony from three detectives along with various exhibits. Anticipating the detectives' testimony would contain extensive hearsay, counsel for Burns raised an objection prior to, and at various points during the hearing, challenging the admissibility of the testimony. The State cited this Court's precedent in *State v. Grim*, 2023-Ohio-4474 (3d Dist.) in support of the proposed testimony. The trial court overruled the objections.

{¶6} Detective Jesse Harrod, the primary investigator on the case, Detective Steven Stechschulte, who assisted with the investigation including participating in various interviews, and Detective Kent Miller, who performed a data extraction from A.S.'s cell phone, all testified. While the detectives provided direct testimony about the actions each of them took to further the investigation of the events that occurred on February 13, 2024, their testimony also included abundant hearsay from various witnesses and co-conspirators. For example, Detective Harrod testified about his interview with A.S. shortly after the shooting which led him and Detective Stechschulte to interview Dennis who disclosed the robbery incident. Because A.S. was not forthcoming with information, the detectives interviewed her five times over the course of several days. Detective Stechschulte repeated the information

gathered from these interviews as well as interviews conducted with Brown, Burns and other witnesses. Detective Miller testified regarding the communications between A.S. and Burns that were extracted from A.S.'s cell phone.

{¶7} On September 25, 2024 the juvenile court held an additional hearing to allow counsel to present their respective arguments. Immediately thereafter, the court announced its decision.

{¶8} In a judgment entry filed on September 26, 2024, the juvenile court memorialized its findings, indicating there was probable cause to believe Burns committed each of the acts alleged. Additionally, the juvenile court found Burns was 17-years-old when the offenses occurred; that the offense of complicity to commit aggravated robbery was a category two offense under R.C. 2152.02(BB); and that Burns allegedly had a firearm on or about his person or under his control, and displayed, brandished, indicated that he possessed, or used the firearm in the commission of the offense. Accordingly, the juvenile court relinquished jurisdiction and transferred the matter to the general division of the common pleas court for Burns to be tried as an adult.

{¶9} On October 17, 2024 the grand jury indicted Burns on five counts: (1) aggravated robbery in violation of R.C. 2911.0l(A)(l), a first-degree felony, with a three-year firearm specification under R.C. 2941.145(A); (2) felonious assault in violation of R.C. 2903.ll(A)(2), a second-degree felony, with a three-year firearm specification under R.C. 2941.145(A); (3) grand theft of a firearm in violation of

R.C. 2913.02(A)(l), a third-degree felony; and (4) and (5) two counts of having a weapon under disability in violation of R.C. 2923.12(A)(2), both third-degree felonies.

{¶10} After several pre-trial hearings, Burns and the State agreed to enter a negotiated plea with Burns pleading guilty to the aggravated-robbery charge and accompanying firearm specification. In exchange for the guilty plea, the State agreed to dismiss all other charges. The parties also agreed to jointly recommend a sentence of a minimum term of seven years for the aggravated robbery, along with three consecutive years for the firearm specification, for a total indeterminate sentence of ten to thirteen and one-half years.

{¶11} The trial court accepted Burns's plea on the aggravated robbery with the firearm specification and adopted the joint sentence recommendation.

{¶12} Burns appeals his conviction asserting a single assignment of error:

**Appellant's Due Process right to confront and cross-examine the witnesses against him was violated by allowing detectives to relay extensive hearsay from alleged co-conspirators and others during a juvenile bindover hearing.**

{¶13} Burns asserts that his inability during the bindover hearing to cross-examine those who furnished information to the detectives violated Due Process

and his rights under the Confrontation Clause. This Court has previously addressed this issue and found contrary to Burns's assertion.[1]

{¶14} "Generally, the admission of evidence lies within the broad discretion of the trial court." *State v. Grim*, 2023-Ohio-4474, ¶ 11 (3d Dist.), citing *State v. Conway*, 2006-Ohio-2815, ¶ 62. However, rulings that implicate the Confrontation Clause are reviewed de novo. *State v. McKelton*, 2016-Ohio-5735, ¶ 97. Further, when it exists, an appellate court must follow precedent enunciated by the Supreme Court of Ohio and should not arbitrarily stray from following its own jurisprudence on a legal issue. *See generally Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 1 ("Stare decisis is the bedrock of the American judicial system. Well-reasoned opinions become controlling precedent, thus creating stability and predictability in our legal system.")

{¶15} R.C. 2152.10 and 2152.12 govern the mandatory transfer of a child from the juvenile court to the general division of the common pleas court. As relevant to this case, these code sections required transfer of the case for criminal prosecution as an adult if the juvenile court found that several criteria were met: (1) at least one of the acts of the juvenile would constitute an offense if committed by an adult and that offense is a category two offense; (2) the child was 16 or 17 years of age at the time of the act charged; (3) either the child was previously adjudicated

---

[1] In his brief on appeal, Burns acknowledges this Court's prior rulings on this issue and presents the argument "merely to preserve it for potential further review."

a delinquent child for committing an act that is a category one or a category two offense and was committed to the department of youth services on the basis of that adjudication, or the child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged; and (4) there is probable cause to believe that the child committed the act that is charged as a category two offense. R.C. 2152.10(A)(2); R.C. 2152.12(A)(1)(b).

{¶16} The constitutional right to confrontation is a trial right and has not been extended to preliminary proceedings. *State v. Lamb*, 2021-Ohio-87, ¶ 41 (6th Dist.), citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). Moreover, "[t]he Supreme Court of Ohio held that the right to confrontation relates to the actual trial for the commission of the offense and not to the preliminary examination where it is determined whether the accused is to be bound over to the grand jury. *Id.*, citing *Henderson v. Maxwell*, 176 Ohio St. 187, 188 (1964).

{¶17} In *Grim* we agreed with the other Ohio Appellate Districts and statements from the Supreme Court of the United States that confrontation is essentially a trial right and a probable cause hearing did not constitute a criminal trial. *State v. Grim*, 2023-Ohio-4474, ¶ 16 (3d Dist.). *See also State v. Dell*, 2022-Ohio-2483, ¶ 59 (5th Dist.). We found neither a violation of Grim's right to

confrontation nor his Due Process rights. *Grim* at ¶ 16. We quoted at length from a Twelfth District opinion that had recently addressed the issue:

> The United States Supreme Court has explained that '[t]he right to confrontation is basically a trial right.' *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). A juvenile transfer hearing "is not a trial as it does not 'find as a fact that the accused minor is guilty of the offense charged. It simply finds the existence of probable cause to so believe.'" *State v. Garner*, 6th Dist. Lucas No. L-18-1269, 2020-Ohio-4939, ¶ 19, quoting *State v. Iacona*, 93 Ohio St.3d 83, 93 (2001). The United States Supreme Court 'has repeatedly declined to require the use of adversarial procedures to make probable cause determinations.' *Kaley v. United States*, 571 U.S. 320, 338, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014). The federal courts have repeatedly held that the Sixth Amendment's Confrontation Clause does not apply to preliminary hearings. Likewise, the Ohio Supreme Court has held that the constitutional right to confront one's accusers 'relates to the *actual trial* for the commission of the offense and not to the preliminary examination * * *.' (Emphasis added.) *Henderson v. Maxwell*, 176 Ohio St. 187, 188, 198 N.E.2d 456 (1964).

*Id*. at ¶ 14, quoting *State v. Fuell*, 2021-Ohio-1627, ¶ 29-30 (12th Dist.), *appeal allowed*, 2021-Ohio-2923, and *appeal dismissed as improvidently allowed*, 2022-Ohio-1607.

{¶18} The purpose of the bindover hearing is for the juvenile court to decide whether the statutory criteria for a mandatory bindover has been met and ascertain whether probable cause exists to find that the juvenile committed the act that would constitute a qualifying offense. The juvenile court is not tasked with the determination of one's guilt or innocence beyond a reasonable doubt of the offense charged. *State v. Lamb*, 2021-Ohio-87, ¶ 41 (6th Dist.); *see also State v. Riley*, 2013-Ohio-1332, ¶ 49 (5th Dist.) ("[t]he juvenile bindover procedure is analogous to the

adult preliminary hearing: both evaluate probable cause, neither is a determination of a defendant's guilt beyond a reasonable doubt").

{¶19} Consistent with our precedent in *Grim*, which involved the identical issue, we find no error by the juvenile court, or violation of Burns's Due Process or Confrontation Clause rights, when it admitted the testimony of the detectives detailing their interviews of co-conspirators and other witnesses. *Grim*, 2023-Ohio-4474, at ¶ 16; *see also State v. Barrett*, 2024-Ohio-1108 (3d Dist.). Moreover, Burns has not directed us to any recently decided United States Supreme Court or Ohio Supreme Court authority indicating that our holdings in *Grim* and *Barrett* were incorrect or that the right to confrontation applies to a juvenile court's preliminary hearing.

{¶20} Having found the federal and state Confrontation Clauses were inapplicable at Burns's bindover hearing, we overrule his assignment of error. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

Case No. 1-25-06

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
Mark C. Miller, Judge

_____
William R. Zimmerman, Judge

_____
Juergen A. Waldick, Judge

DATED:
/jlm

-11-